IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,                      ORDER

   v.                              03-cr-142-bbc-01

CARL HODGES,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Carl Hodges's supervised release was held on October 21, 2011, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney David J. Reinhard. Defendant was present in person and by counsel, Gregory Dutch. Also present was U.S. Probation Officer Kristin E. Kiel.

From the parties' stipulation and the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on May 4, 2004, following his conviction for Felon in Possession of a Firearm, in violation of 18 U.S.C. § 921(g). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 46 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on May 1, 2007. On April 23, 2009, he violated Mandatory Condition No. 2 prohibiting him from possessing a controlled substance, when he was found in possession of 10.6 grams of heroin and he admitted to possessing it.

Defendant's conduct falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervision upon the finding of a Grade A violation. Under 18 U.S.C. § 3583(g)(1), revocation is mandatory for possession of a controlled substance.

## CONCLUSIONS

Defendant's criminal history category is V. With a Grade A violation, defendant would have an advisory guideline term of imprisonment of 30 to 37 months, were it not for the 24-month statutory maximum sentence required under 18 U.S.C. § 3583(e)(3). According to USSG §7B1.4(b)(1), where the statutorily authorized maximum term of imprisonment that can be imposed upon revocation is less than the minimum of the applicable range, the statutorily authorized maximum term shall be substituted for the applicable range.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I am persuaded that a sentence of imprisonment of 24 months is reasonable and necessary to hold defendant accountable for his violation and protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 4, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months with no supervised release to follow. The sentence is to run consecutively to the sentence imposed on defendant in 09-cr-75-bbc.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 24th day of October 2011.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
District Judge